UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clarence Miller, *aka Clarence Scott Miller*, # 267397, | ) ) ) ) | **C/A No. 6:10-2662-HFF-KFM** |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **Report and Recommendation** |
| Spartanburg Regional, *Ingo Angemeier*; Spartanburg County Jail, *Larry Power*; SC Department of Correction, *Jon Ozmint*; Palmetto Health Richland, *Administrator*, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## *BACKGROUND OF THIS CASE*

The plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections (SCDC). The plaintiff raises claims of deliberate indifference to his serious medical needs and medical malpractice when he was a pre-trial detainee and an inmate in the SCDC. The earliest allegations concern the plaintiff's treatment at Spartanburg Regional Medical Center on August 2, 2006, after the plaintiff was assaulted with a baseball bat and a 9mm pistol. The plaintiff also complains about his medical care in the "Spartanburg County Jail" after he was arrested. The second group of allegations concerns the plaintiff's surgery at the Palmetto Health Richland Hospital in October of 2008, when the plaintiff underwent abdominal surgery. Essentially, the plaintiff objects to his "release" (return to prison) from the hospital when a physician there authorized the plaintiff to be released from the hospital three hours after the surgery was

performed. The plaintiff also alleges that a correctional officer, who is not named as a defendant, used excessive force on him.

## *DISCUSSION*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes a district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the *pro se* complaint remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Information contained on the South Carolina Secretary of State database (available on the LEXIS service) indicates that the Palmetto Health Alliance, which operates the Palmetto Health Richland Hospital, and the Spartanburg Regional Health Services District, Inc., which operates the Spartanburg Regional Medical Center, are both non-profit corporations ("eleemosynary nonprofit") incorporated in South Carolina.

The two hospitals and their administrators listed in the caption of the complaint are subject to summary dismissal because they have not acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *Hall v. Quillen*, 631 F.2d

2

1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Since the medical treatment provided by the hospitals took place outside of a prison or jail, the holding in *Conner v. Donnelly*, 42 F.3d 220 (4th Cir. 1994) (*applying West v. Atkins*, 487 U.S. 42, 50 (1988): a physician who provides medical services to inmates *at a state-run prison* acts under color of state law, even if that physician is a "contract" physician), is not applicable.

With respect to medical care, a prisoner in a § 1983 action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.*, 429 U.S. at 105. Negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983. *Id.,* at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The physician's decision

to release the plaintiff from the Palmetto Health Richland Hospital after his abdominal surgery is not a federal constitutional violation.

There is no basis for diversity jurisdiction in this case to consider the plaintiff's medical malpractice or negligence claims arising under South Carolina law. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). The diversity statute provides that a corporation is a citizen of the state of its incorporation and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c). Complete diversity of parties is absent in this case because the plaintiff and all defendants are citizens of South Carolina. *See* 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

Although defendants Powers and Ozmint have acted under color of state law, the doctrine of *respondeat superior* is not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the actions of subordinates which violate constitutional rights. *See Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990); and *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Secondly, the plaintiff has failed to show that an affirmative causal link exists between those supervisors' inactions and the particular injuries suffered by the plaintiff, as required by *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir 1999). Moreover, the claims relating to the plaintiff's medical care in 2006 are obviously untimely. *See Wilson v. Garcia*,

471 U.S. 261 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries); and S.C. Code Ann. § 15-3-530 (establishing a three-year statute of limitiations).

The "Spartanburg County Jail," which is officially known as the Spartanburg County Detention Facility, is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the "Spartanburg County Jail" is not a "person" subject to suit under 42 U.S.C. § 1983. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46, 48 (4th Cir. 1996). The South Carolina Department of Corrections is immune from suit under the Eleventh Amendment. *See Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); and *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978).

### *RECOMMENDATION*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.

The plaintiff's attention is directed to the important Notice on the next page.

October 21, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).